# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TYLER UNDERWOOD,<br><br>      Plaintiff(s),<br><br>v.<br><br>O'REILLY AUTO PARTS, INC., et al.,<br><br>      Defendant(s). | Case No. 2:21-cv-01766-GMN-NJK<br><br>**Scheduling Order**<br><br>[Docket Nos. 59, 62] |

Pending before the Court is a proposed discovery plan through which the parties present competing positions as to many items. Docket No. 59; *see also* Docket No. 62 (corrected image).

The presumptively reasonable discovery period is 180 days. Local Rule 26-1(b)(1). Plaintiff seeks a discovery cutoff consistent with the default, highlighting the need to conduct discovery expeditiously in light of his health condition. Docket No. 62 at 6. Defendants seek a discovery period of 545 days given the complex nature of this case, the need for extensive discovery, and certain procedural issues (such as the fact that not all parties have appeared yet). *See id.* at 6-7. Balancing each side's valid contentions, the Court will chart a middle ground in which a discovery period of 240 days is set. Given Plaintiff's health condition, the parties must engage in all reasonable steps to meet the deadlines set herein.[1]

Accordingly, the discovery plan is **GRANTED** in part and **DENIED** in part[2] and the Court **SETS** deadlines as follows:

---

[1] To the extent the deadlines set herein cannot be met despite the exercise of appropriate diligence, a request for extension can be filed. Given the circumstances of this case, any such request must be supported by a robust showing as to good cause.

[2] The discovery plan seeks a deadline for filing an interim status report. Docket No. 62 at 8. The previous requirement for an interim status report was removed from the now-operative

- Initial disclosures:  January 5, 2022

- Amend pleadings/ add parties:  March 17, 2022

- Initial experts:  April 18, 2022[3]

- Rebuttal experts:  May 16, 2022

- Discovery cutoff:  June 15, 2022

- Dispositive motions:  July 15, 2022

- Joint proposed pretrial order:   August 15, 2022, or 30 days after resolution of dispositive motions

The deadlines set herein apply to later-appearing parties.  To the extent a later-appearing party seeks relief from these deadlines, it must file a proper request on the docket and the Court will determine at that time whether modification of the scheduling order is appropriate.  Unless and until the Court determines otherwise, the deadlines set forth herein control.

In addition to disagreeing as to schedule, the discovery plan provides a number of issues in which a ruling is being sought.  On some of these issues, the parties provide competing positions, but most frequently one side seeks relief to which the other side does not respond in direct fashion. *See, e.g.*, Docket No. 62 at 4 (Plaintiff asserting that his deposition should be conducted remotely) *with id.* at 5 (Defendants asserting that they have no "suggested revisions" to the default discovery limitations).[4]   Given the circumstances, the Court declines to opine on whether the default procedures or limitations provided in the governing rules should be modified for the purpose of this case.  To the extent a need to do so arises, the parties must attempt to agree among themselves

---

local rules.  The parties have not explained why an interim status report would be helpful in this case, so the Court will not require that one be filed.

[3] Defendants seek entry of a schedule whereby Plaintiff must disclose his expert reports a month before Defendants do so.  *See* Docket No. 62 at 7-8.  Sufficient justification has not been provided to justify that type of staggered approach in this case.  Defendants also seek a separate motion practice schedule for challenging experts preceding dispositive motions.  *See* Docket No. 62 at 8.  Sufficient justification has not been provided to justify such an approach.

[4] In still other instances, the parties agree that relief is necessary from the default but do not provide an alternative limitation.  *See* Docket No. 62 at 2 (agreeing that relief from the 10-deposition limit is necessary, but not providing a new proposed deposition limit).

to such modification to the extent allowed.  *See* Fed. R. Civ. P. 29(b).  To the extent judicial oversight is required following a meet-and-confer, a request seeking specific relief may be filed.

IT IS SO ORDERED.

Dated: December 15, 2021

_____
Nancy J. Koppe
United States Magistrate Judge