ALVERSON TAYLOR & SANDERS
JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
Telephone: 702-384-7000
Facsimile: 702-385-7000
Email: jowens@alversontaylor.com
*Attorneys for Defendant,*
*AUTOZONE, INC.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TYLER UNDERWOOD,<br><br>  Plaintiff,<br><br>vs.<br><br>O'REILLY AUTO PARTS, INC., et al.,<br><br>  Defendants. | Civil Action No: 2:21-cv-01766-GMN-NJK |

### DEFENDANT AUTOZONE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, AUTOZONE, INC. (improperly identified as AUTOZONE STORES, LLC. f/k/a AutoZone Stores, Inc.)(hereinafter "Defendant"), by and through its counsel, the law firm of Alverson Taylor & Sanders, and hereby Answer Plaintiff's Complaint as follows:

## I.
## JURISDICTIONAL ALLEGATIONS

1.  Answering Paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph and therefore denies the same.

2.  Answering Paragraph 2.a. through 2.q. of Plaintiff's Complaint, Defendant AUTOZONE, INC. admits that it is a Nevada Corporation; Defendant is without sufficient

1                                                               27447-JBO

knowledge or information necessary to form a belief as to the truth or falsity of the remaining allegations contained in said Paragraph and therefore denies the same.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph and therefore denies the same.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph and therefore denies the same.

5. Answering Paragraph 5 of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said Paragraph contains factual allegations, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations contained in said Paragraph and therefore denies the same.

## II.
## GENERAL ALLEGATIONS

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 5 as though fully set forth at length herein and incorporate the same herein by this reference.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph and therefore denies the same.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity

of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

11. Answering Paragraph 11.a. through 11.o. of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

14. Answering Paragraph 14 of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said Paragraph contains factual allegations, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations

3

27447-JBO

contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

15. Answering Paragraph 15.a. through 15.c. of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

### III.
### FIRST CLAIM FOR RELIEF
(Negligence – All Defendants)

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 15 as though fully set forth at length herein and incorporate the same herein by this reference.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

19. Answering Paragraph 19.a. through 19.p. of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said Paragraph contains factual allegations, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

20. Answering Paragraph 18 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

////

////

## SECOND CLAIM FOR RELIEF
### (Gross Negligence – All Defendants)

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 20 as though fully set forth at length herein and incorporate the same herein by this reference.

22. Answering Paragraph 22 of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said Paragraph contains factual allegations, Defendant is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations contained in said Paragraph and therefore denies the same.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

## THIRD CLAIM FOR RELIEF
### (Strict Liability – All Defendants)

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 25 as though fully set forth at length herein and incorporate the same herein by this reference.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity

27447-JBO

of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

28. Answering Paragraph 28 of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said Paragraph contains factual allegations, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Express and/or Implied Warranties – All Defendants)**

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 31 as though fully set forth at length herein and incorporate the same herein by this reference.

33. Answering Paragraph 33 of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said

Paragraph contains factual allegations, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

34.   Answering Paragraph 34 of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said Paragraph contains factual allegations, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

35.   Answering Paragraph 35 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

## FIFTH CLAIM FOR RELIEF
### (Res Ipsa Loquitur – All Defendants)

36.   Answering Paragraph 36 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 35 as though fully set forth at length herein and incorporate the same herein by this reference.

37.   Answering Paragraph 37 of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said Paragraph contains factual allegations, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations

27447-JBO

contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

38. Answering Paragraph 38 of Plaintiff's Complaint, said Paragraph calls for a legal conclusion which cannot be either admitted or denied by Defendant. To the extent that said Paragraph contains factual allegations, Defendant denies each and every allegation contained in said Paragraph as it pertains to Defendant AUTOZONE, INC.; Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in said Paragraph as they pertain to the remaining Defendants, and therefore denies the same.

39. Answering Paragraph 39 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

40. Answering Paragraph 40 of Plaintiff's Complaint, Defendant denies each and every allegation contained in said Paragraph.

## IV.
## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the requested relief.

## GENERAL DENIAL

Defendant denies each and every allegation contained in Plaintiff's Complaint that is not specifically admitted to be true.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint, and each alleged cause of action thereof, fails to state facts sufficient to constitute a claim on which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

No act or omission of Defendant was a cause in fact or a proximate cause of the injuries

and damages, if any, sustained by Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that all injuries and damages, if any, sustained or suffered by Plaintiff was directly and proximately caused by third-persons, including but not limited to Plaintiff, over whom Defendant had no control, and were the result of superseding, intervening acts and omissions of persons other than Defendant, for which Defendant is neither responsible nor liable.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any loss, injury, or damage, either as alleged in Plaintiff's Complaint or at all, Defendant is informed and believes, and thereon alleges, that such loss, injury or damage was directly and proximately caused by persons or entities other than Defendant. The liability of all responsible parties, named or unnamed, must be apportioned according to their relative degrees of fault or causation, and the liability of Defendant, if any, must be reduced or barred accordingly.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged by any product manufactured, distributed and/or sold by Defendant, Defendant nonetheless did not breach any duty to Plaintiff and is not liable for Plaintiff's alleged damages because the product, when manufactured, distributed and/or sold, conformed to the then-current state of the art, and because the then-current state of scientific and industrial knowledge, art and practice was such that Defendant did not, and could not, know that the product might pose a risk of harm in its normal and foreseeable use.

### SIXTH AFFIRMATIVE DEFENSE

If in fact Defendant's product was involved in the events which are the subject matter of this litigation, which Defendant denies, the product was not in a defective condition when it left

the possession, custody and control of Defendant, but was fit and proper for the use for which it was designed and intended.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that all damages, if any, sustained by Plaintiff was directly and proximately caused by the misuse, abuse of, improper repair and maintenance of, and the unreasonable and improper use of Defendant's product, if in fact Defendant's product was involved in the facts or situations set forth in Plaintiffs' Complaint, which Defendant denies. Further, the misuse, abuse, improper repair and maintenance of or failure to use Defendant's product properly contributed to the loss or damages alleged in Plaintiff's Complaint. The damages, if any, recoverable by Plaintiff herein must be diminished in proportion to the amount of fault attributable to such misuse, abuse, unreasonable use, or improper use.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant is barred to the extent that Plaintiff's alleged damages were caused by the natural or ordinary wear and tear of Defendant's product, if in fact said product was involved in the subject incident as alleged in the Complaint, which Defendant denies.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery under the Complaint or under any purported cause of action therein, to the extent that Plaintiff knowingly assumed the risk of the damages allegedly incurred.

### TENTH AFFIRMATIVE DEFENSE

If the products involved in this litigation were products that Defendant designed, manufactured, distributed and/or sold, Plaintiff's damages, if any, were caused by the negligence of the Plaintiff, which negligence was equal to or greater than any negligence of Defendant, or of

27447-JBO

any combined negligence of Defendant and any other co-Defendants, which fact is a bar to any claim against Defendant pursuant to the laws of the State of Nevada.

### ELEVENTH AFFIRMATIVE DEFENSE

If any hazardous or dangerous condition existed in the equipment which is the subject matter of this action and which is alleged to be Defendant's product as alleged in the Complaint, at the time of the incident, which Defendant denies, such hazardous or dangerous condition was obvious as a matter of fact and of law, and Defendant had no duty to warn against such obvious danger.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that as to each cause of action, Plaintiff failed, refused and neglected to take reasonable steps to mitigate his alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff unreasonably delayed the filing of the Complaint and the notification to Defendant of the alleged defects in the subject product and the basis for the causes of action alleged against it, all of which have unduly and severely prejudiced Defendant in their defense of this action, thereby barring or diminishing Plaintiff's recovery herein under the doctrine of estoppel, waiver and/or laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Nevada law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such claim. Therefore, any award of punitive damages would violate Defendant's due-process rights under the United States and Nevada Constitutions.

27447-JBO

## FIFTEENTH AFFIRMATIVE DEFENSE

Even if the product involved in this litigation was a product that Defendant designed, manufactured, distributed and/or sold, Plaintiff's claim for punitive damages in the Complaint cannot be sustained. There is no evidence of Defendant being guilty of oppression or fraud, and Defendant denies that it has in fact been guilty of oppression or fraud. There is also neither evidence of, nor an underlying factual basis for, the allegation that Defendant acted with "malice", express or implied, which, under Nevada law requires evidence of a deliberate intent to injure. The law of Nevada, properly interpreted, does not permit recovery of punitive damages for conduct arising out of only a willful, wanton, reckless or deliberate disregard of the rights of others, of which conduct, in any event, there is no evidence of Defendant being guilty, and Defendant has not in fact been guilty of such conduct. This complete lack of proof bars a claim for punitive damages against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages under any statute or other law—including any reported or unreported decisions by courts in this State, or any other federal or state court—that would permit recovery of punitive damages in this action against Defendant would violate Defendant's rights to due process and equal protection of the laws under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and the same or similar guarantees of the Constitution of the State of Nevada.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant states that if it is found liable for damages, if any, to the Plaintiff, said liability is several between and among Defendant and one or more of the other Defendants, and that the

27447-JBO

liability of all responsible parties must be apportioned according to their relative degrees of fault or causation, and the liability of Defendant, if any, must be reduced or barred accordingly.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed medical expenses are not recoverable because they were not reasonably necessary and/or are not related to the subject incident.

### TWENTIETH AFFIRMATIVE DEFENSE

The injuries claimed by Plaintiff in his Complaint were pre-existing at the time of the subject incident and, as a result, they are neither the fault nor the responsibility of Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for any collateral source benefits paid or payable in favor of the Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant cannot be liable herein because it did not have either actual or constructive notice of any defect, deficiency, or dangerous condition in the subject product, as alleged by Plaintiff in his Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant was not in privity with Plaintiff and, therefore, Defendant cannot be liable under any theory of implied warranty.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

In addition to the fact that Defendant owed to Plaintiff no duty to warn about the dangers of the subject product because such dangers were open and obvious, Defendant owed no such duty to Plaintiff for the additional reason that sufficient warnings were otherwise provided to Plaintiff, obviating any potential duty of Defendant to issue its own warnings.

////

27447-JBO

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

In the alternative, Defendant provided proper warnings, information, and instruction for the subject product in accordance with the state of the scientific knowledge existing at the relevant time and pursuant to generally recognized and prevailing standards in existence at such time.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to appropriately preserve the allegedly defective product at issue.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant's liability in this action, if any, would be strictly vicarious and, therefore, Defendant is entitled to be indemnified—on grounds of common-law indemnity, equitable indemnity, express indemnity, and/or contractual indemnity—for any potential liability.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege affirmative defenses if subsequent investigation warrants.

////

////

////

////

////

////

////

////

27447-JBO

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;

2. That AUTOZONE, INC. be hence dismissed with its costs of suit awarded; and

3. For such other and further relief as the Court deems just and proper.

Dated this 4th day of January, 2022.

ALVERSON TAYLOR & SANDERS

/s/ #14407

JONATHAN B. OWENS, ESQ.
Nevada Bar No. 007118
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
Telephone: (702) 384-7000
Fax: (702) 385-7000
Email: jowens@alversontaylor.com
*Attorneys for Defendant,*
*AUTOZONE, INC.*

### CERTIFICATE VIA CM/ECF

Pursuant to FRCP 5, I hereby certify that I am an employee of ALVERSON TAYLOR & SANDERS and that on the 4th day of January, 2022, I caused to be served via CM/ECF a true and correct copy of the document described herein.

**Document Served: DEFENDANT AUTOZONE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Cliff W. Marcek, Esq.
CLIFF W. MARCEK, P.C.
411 E. Bonneville Ave., Ste. 390
Las Vegas, NV 89101
Tel: 702-366-7076
Facsimile: 702-366-7078
cwmarcek@marceklaw.com
*Attorneys for Plaintiff*
TYLER UNDERWOOD

27447-JBO

| | |
|---|---|
| 1 | Darrell D. Dennis, Esq. |
| | Steven B. Abbott, Esq. |
| 2 | Steven L. Foremaster, Esq. |
| | 6385 S. Rainbow Boulevard, Suite 600 |
| 3 | Las Vegas, Nevada 89118 |
| | Tel. 702-893-3383 |
| 4 | Darrell.Dennis@lewisbrisbois.com |
| | Steven.Abbott@lewisbrisbois.com |
| 5 | Steven.Foremaster@lewisbrisbois.com |
| 6 | *Attorneys for Defendant,* |
| | *SAFETY-KLEEN SYSTEMS, INC.* |
| 7 | |
| 8 | O'Reilly Auto Parts, Inc. |
| | Corporate Headquarters |
| 9 | 233 South Patterson Avenue |
| | Springfield, MO 65802-2298 |
| 10 | |
| 11 | Illinois Tool Works, Inc. |
| | Corporate Headquarters |
| 12 | 155 Harlem Avenue |
| | Glenview, IL 60025 |
| 13 | |
| 14 | The Blaster Corporation |
| | B'laster, LLC |
| 15 | 8500 Sweet Valley Drive |
| | Valley View, OH 44125 |
| 16 | |
| 17 | CRC Industries, Inc. |
| | Global Corporate Headquarters |
| 18 | 800 Enterprise Road, Suite 101 |
| | Horsham, PA 19044 |
| 19 | |
| 20 | Highland Stores, Inc. |
| | d/b/a Bi-Rite |
| 21 | c/o Resident Agent |
| | Jasbir S. Chahal |
| 22 | 5690 Sun Valley Blvd. |
| | Sun Valley, NV 89433 |
| 23 | |
| 24 | Bi-Rite Markets, Inc. |
| | c/o Registered Agent |
| 25 | Ron Mestre |
| | 200 Crampton St. |
| 26 | Reno, NV 89501 |
| 27 | |
| 28 | |

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

27447-JBO

7-Eleven, Inc.
c/o Resident Agent
Corporate Creations Network, Inc.
8275 South Eastern Avenue, #200
Las Vegas, NV 89123

Richard A. Haley
5700 Sun Valley Boulevard
Sun Valley, NV 89433

Autozone Stores, LLC
c/o Resident Agent
C T Corporation System
701 S. Carson Street, Suite 200
Carson City, NV 89701

Amrep, Inc.
c/o Resident Agent
James W. Friedewald
216 Washington Avenue
Marietta, GA 30061

Advance Stores Company, Incorporated
c/o Resident Agent
National Registered Agents, Inc.
701 S. Carson Street, Suite 200
Carson City, NV 89701

Ashland, LLC
Ashland Global Specialty Chemicals, Inc.
Ashland Global Holdings, Inc.
c/o Resident Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Calumet Branded Products, LLC
c/o Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Sunnyside Corporation
225 Carpenter Avenue
Wheeling, IL 60090

W.M. Barr & Company, Inc.

27447-JBO

2105 Channel Avenue
Memphis, TX 38113

Technical Chemical Company
P.O. Box 139
Cleburne, TX 76033

_____
An Employee of ALVERSON TAYLOR & SANDERS

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

27447-JBO