1
2
3          **UNITED STATES DISTRICT COURT**
4          **DISTRICT OF NEVADA**
5

6   TYLER UNDERWOOD,                          Case No. 2:21-cv-01766-GMN-NJK

        Plaintiff(s),
7                                             **ORDER**
    v.
8                                             [Docket No. 116]
    O'REILLY AUTO ENTERPRISES, LLC, et
9   al.,

10          Defendant(s).

11          Pending before the Court is Plaintiff's motion to substitute and to amend the complaint.

12   Docket No. 116.  Defendants filed responses in opposition and/or joinders thereto.  Docket Nos.

13   124, 125, 126, 127, 128, 129, 130, 131, 132.  Plaintiff filed a reply.  Docket No. 133.  The motion

14   is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed below, the

15   motion to substitute is **GRANTED** and the motion for leave to amend is **DENIED** without

16   prejudice.[1]

17   **I.      BACKGROUND**

18          Plaintiff Tyler Underwood performed automotive and heavy equipment mechanical work

19   from about 2006 to 2020.  Compl. at ¶ 7.[2]  Mr. Underwood alleges that he was exposed to benzene

20   during this time period.  *See id.*  In December 2020, Mr. Underwood was diagnosed with Acute

21   Myelogenous Leukemia (AML), as well as related adverse blood and bone marrow effects, cellular

22   abnormalities, anemia, genotoxic effects, and DNA damage.  Comp. at ¶ 10.  On January 16, 2022,

23   
24          [1] It is within a magistrate judge's authority to allow substitution of a party.  *See United States v. Lockheed Martin Corp.*, 2015 WL 6394526, at *1 (W.D. Ky. Oct. 22, 2015); *see also Boldrini v. Fed. Nat'l Mort. Ass'n*, 2019 WL 5549645, at *1 n.1 (M.D. Pa. Oct. 24, 2019).  It is
25   within a magistrate judge's authority to deny a motion (including a dispositive motion) without prejudice.  *See, e.g.*, *Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1125 n.1 (D. Nev.
26   2021).

27          [2] The complaint is filed on the docket within the same document as the petition for removal.  Docket No. 1 at 10-23; *see also* Docket No. 7-1 at 10-23.  Counsel are reminded moving forward
28   that exhibits must be filed as stand-alone documents.  Local Rule IC 2-2(a)(3)(A).

Mr. Underwood passed away at the age of 25.  Docket No. 116-1. On February 25, 2022, Angela

Underwood (Mr. Underwood's mother) became the personal representative of his estate.  Docket

No. 116-2.  The parties are now before the Court on a motion to substitute filed in the aftermath

of Mr. Underwood's death, as well as a motion to amend.

## II.   MOTION TO SUBSTITUTE PLAINTIFF

The Court will first address the request to substitute the plaintiff in light of Mr.

Underwood's death.  A sufficient showing has been made for this substitution.

### A.   STANDARDS

Substitution of parties upon death is governed by Rule 25 of the Federal Rules of Civil

Procedure.  That rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

A substitution decision is committed to the discretion of the trial court.  *In re Bernal*, 207

F.d 595, 598 (9th Cir. 2000); *see also* Fed. R. Civ. P. 25, Advisory Comm. Notes (1963) (indicating

that substitution "will ordinarily be granted" but that the rule provides discretion to account for

potential unfairness or prejudice).  In exercising that discretion, courts have deduced three

requirements from the text of Rule 25(a)(1):  (1) the motion must be timely; (2) the motion must

seek to substitute a proper party; and (3) the claim must not be extinguished upon the decedent's

death.  *E.g.*, *F.T.C. v. AMG Servs., Inc.*, 2014 WL 2742872, at *1 (D. Nev. June 17, 2014).

A substituted party is not a "new" party.  *Gilmore v. Lockard*, 936 F.3d 857, 867 (9th Cir.

2019).  "The substituted party steps into the same position as [the] original party."  *Hilao v. Estate

of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

### B.   ANALYSIS

There is no dispute in this case that the motion to substitute was timely filed or that Mr.

Underwood's claims were not extinguished upon his death.  Moreover, the parties are all in

agreement that Mr. Underwood's mother (Angela Underwood) is a proper party.  Accordingly, the motion to substitute will be granted with respect to Angela Underwood substituting as the plaintiff in this case.

The motion practice does evidence a possible dispute, however, as to whether Mr. Underwood's siblings are proper parties for substitution purposes.  *See, e.g.*, Docket No. 124 at 12-13.  Although somewhat convoluted, the motion to substitute on its face seeks substitution for only Angela Underwood as Mr. Underwood's mother.  *See* Docket No. 116 at 2 ("Plaintiff seeks to . . . substitute Angela Underwood as the proper party plaintiff"); *see also* Docket No. 116-3 (proposed amended complaint providing caption with "ANGELA UNDERWOOD, Personal Representative for the Estate of Tyler Underwood").[3]  As such, the Court need not opine on whether these siblings could substitute for Mr. Underwood because that relief was not sought.

## III.   MOTION FOR LEAVE TO AMEND

There is an important, but often overlooked, provision in the local rules requiring separate documents to be filed for separate requests.  Local Rule IC 2-2(b).  "This rule is not an exercise of pure formality."  *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. Lexis 132101, at *2 (D. Nev. Aug. 18, 2018).  Among other underpinnings, the Rule seeks to ensure that distinct matters are presented with sufficient clarity and supporting argument to enable the fashioning of a ruling, particularly when the distinct issues are subject to varying standards.  *See, e.g.*, *id.* at *3.  The instant motion practice violates Local Rule IC 2-2(b) by seeking both substitution (by which a proper party steps into the shoes of Mr. Underwood) and leave to amend (by which new parties are added and/or new claims are advanced).  In so doing, the briefing conflates issues subject to different standards.

---

[3] The reply seems to indicate that the proposed amended complaint is meant to raise claims on the siblings' own behalf based on their own injuries.  *See* Docket No. 133 at 2-3.  This argument is puzzling given that the proposed amended complaint does not name the siblings as plaintiffs, does not include claims that on their face are brought by the siblings, and does not seek any remedy for the siblings in the prayer for relief.  *See* Docket No. 116-3.  The Court need not make a definitive ruling as to any claims by the siblings, however, as the motion to amend is being denied without prejudice for the reasons stated below.

1       Moreover, the briefing does not sufficiently address several issues with respect to

2   amendment.  The most important consideration in resolving a motion to amend is prejudice to the

3   opposing parties.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

4   The prejudice claimed here is premised on the fact that a deposition was taken of Plaintiff to

5   preserve his testimony and that any new allegations could not be explored in deposition testimony

6   of Plaintiff given his death.  *See, e.g.*, Docket No. 124 at 9-10; Docket No. 130 at 4.  The briefing

7   does not include citation to any legal authority addressing similar circumstances.

8       With respect to futility, the briefing does not address why that is an issue that should be

9   resolved through a motion for leave to amend.  *See, e.g.*, *Steward v. CMRE Fin'l Servs., Inc.*, 2015

10  WL 6123202, at *2 (D. Nev. Oct. 16, 2015) (Koppe, J.) ("Ordinarily, courts will defer

11  consideration of challenges to the merits of a proposed amendment until after leave to amend is

12  granted and the amended pleading is filed").  With respect to undue delay, the briefing does not

13  address the case law from this District that there is a "strong presumption" against finding undue

14  delay when amendment is sought during the discovery period.  *See, e.g.*, *Hologram USA, Inc. v.*

15  *Pulse Evolution Corp.*, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015) (Navarro, J.).

16  **IV.**  **CONCLUSION**

17      For the reasons stated above, the motion to substitute is **GRANTED** and the motion for

18  leave to amend is **DENIED** without prejudice.

19      IT IS SO ORDERED.

20      Dated: April 20, 2022

21

22                        Nancy J. Koppe
                      United States Magistrate Judge

23

24

25

26

27

28