KAEMPFER CROWELL
Ryan M. Lower, No. 9108
Joseph E. Dagher, No. 15204
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: rlower@kcnvlaw.com
Email: jdagher@kcnvlaw.com

*Attorneys for Amrep, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TYLER UNDERWOOD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>O'REILLY AUTO PARTS, INC.; ILLINOIS TOOL WORKS, INC., Individually and as Successor in Interest to Pennzoil Quaker State Company d/b/a Gumout; THE BLASTER CORPORATION; CRC INDUSTRIES, INC.; SAFETY-KLEEN SYSTEMS, INC.; HIGHLAND STORES, INC. d/b/a Bi-Rite; 7-ELEVEN, INC.; RICHARD A. HALEY; AUTOZONE STORES, LLC f/k/a Autozone Stores, Inc.; AMREP, INC.; ADVANCE STORES COMPANY, INCORPORATED, Individually and as Successor in Interest to and d/b/a CarQuest Auto Parts; ASHLAND, LLC, Individually and as Successor in Interest to and d/b/a Valvoline; SUNNYSIDE CORPORATION, W.M. BARR & COMPANY, INC.; TECHNICAL CHEMICAL COMPANY,<br><br>Defendants. | Case No.  2:21-cv-01766-GMN-NJK<br><br><br>**CONFIDENTIALITY AND PROTECTIVE ORDER** |

## CONFIDENTIALITY AND PROTECTIVE ORDER

KAEMPFER
CROWELL

1    IT IS HEREBY ORDERED, by and between Plaintiff Tyler

2  Underwood (hereinafter "Plaintiff") and Defendants ADVANCE STORES

3  COMPANY, INCORPORATED ("Advance") s/h/a "Advance Stores Company,

4  Incorporated, Individually and as Successor In Interest To and d/b/a Carquest Auto

5  Parts", AMREP, INC. ("Amrep"), CALUMET BRANDED PRODUCTS,

6  RICHARD A. HALEY ("Richard Haley"), 7-ELEVEN, INC. ("7-Eleven"), CRC

7  INDUSTRIES, INC. "CRC"), ASHLAND, LLC, sued incorrectly as Successor in

8  Interest to and d/b/a Valvoline ("Ashland"), B'LASTER CORPORATION

9  ("B'Laster"), ILLINOIS TOOL WORKS INC. ("Illinois Tool"), RM MARKETS,

10  INC., sued incorrectly as Bi-Rite Markets, Inc. ("RM Markets"), AUTOZONE, INC.

11  ("AutoZone"), O'REILLY AUTO ENTERPRISES, LLC ("O'Reilly"), SAFETY-

12  KLEEN SYSTEMS, INC. ("Safety-Kleen"), and W.M. BARR & COMPANY, INC.

13  ("W.M. Barr") (hereinafter "Producing Party" or "Producing Parties"), that the

14  Producing Parties possess certain trade secrets and sensitive commercial, technical,

15  manufacturing, research, development, financial, marketing, and/or other

16  confidential and/or other confidential and proprietary business, technical, and trade

17  secret information which Plaintiff has requested in discovery, the disclosure of

18  which may be required during the course of this litigation. The Producing Parties,

19  however, wish to limit the disclosure of and prevent any use of such confidential and

20  proprietary information for any purposes other than the prosecution and defense of

21  this litigation.  Therefore, counsel for the parties are ordered to the following terms

22  of this Confidentiality and Protective Order, and respectfully request that the Court

23  enter this Order.

24

KAEMPFER
CROWELL

The Court, having considered these issues as well as the pleadings, is of the opinion that this Confidentiality and Protective Order is well founded and should be entered.

IT IS THEREFORE ORDERED AS FOLLOWS:

1.    "Confidential Information," for purposes of this Order, is defined to be nonpublic information that the Producing Party treats as sensitive and proprietary information which concerns or relates to the technical, business, or related information of the Producing Party, including but not limited to trade secrets, ingredients, formulas, and processes, the disclosure of which is likely to harm, or have the tendency to harm, the competitive position of the Producing Party, or the disclosure of which would violate an obligation of confidentiality owed to a third person, including another Court. No item shall be deemed Confidential Information if it: (1) is disclosed in a printed publication available to the public or trade by reason of dissemination by one having the unrestricted right to do so, (2) is generally known throughout the trade and public, or (3) is or comes to be known to the receiving party through means not constituting a breach of any proprietary or confidential relationship or obligation or breach of this Order. Further, Confidential Information shall not be construed to cover items lawfully obtained by a party independent of this litigation.  For the purposes of this litigation, documents produced by the Producing Party and marked "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO COURT ORDER," pursuant to Paragraph 3 below, are deemed to contain Confidential Information. The Producing Party may designate other documents as confidential, when and if such additional documents are produced.

KAEMPFER
CROWELL

1      2.     The restrictions upon and obligations accruing to persons who

2   become subject to this Order shall not apply to any information produced in

3   accordance with Paragraph 3 below as to which the Court rules, after proper notice

4   of hearing, that such information is not Confidential Information as defined in

5   Paragraph 1 above.

6      3.     Any written information produced at any time in connection

7   with this litigation, either voluntarily or pursuant to a Court order, that is asserted by

8   the Producing Party to contain or constitute Confidential Information shall be so

9   designated by the Producing Party as follows:

10              a.     The Producing Party, prior to or coincident with,

11          providing copies of documents and things requested by

12          Plaintiff, shall designate the copies as containing Confidential

13          Information by clearly marking on their face the legend

14          "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO

15          COURT ORDER."

16              b.     If contained in a response to an Interrogatory, the

17          information shall be designated "CONFIDENTIAL" or

18          "CONFIDENTIAL, SUBJECT TO COURT ORDER," and the

19          information may be served and filed in a separate document if

20          desired;

21              c.     If the Confidential Information is contained in

22          deposition, trial, or other testimony, any portion of such

23          transcript containing confidential information may be

24          designated as containing Confidential Information in

KAEMPFER
CROWELL

accordance with this Order by so notifying all other parties on the record, at the time the testimony is taken, or by notifying the other parties in writing, within thirty-days (30) days after receipt of the transcript, of the specific pages and lines of the transcript containing Confidential Information;

d.      In the event the Producing Party provides access to its documents or other materials for Plaintiff's review in response to Plaintiff's discovery requests prior to the Producing Party's formal document production, Plaintiff will treat all such documents as containing Confidential Information and subject to the terms of this Order, regardless of whether the documents have been marked "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO COURT ORDER" at the time of Plaintiff's review.  Should Plaintiff requests copies of any documents or other materials tendered for their review, the Producing Party shall designate those copies containing Confidential Information by clearly marking on their face the legend "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO COURT ORDER."

e.      Inadvertent failure to designate any information as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as the designation is asserted after the discovery of the inadvertent failure. At such time, arrangements shall be made to allow the Producing Party to appropriately label the

KAEMPFER
CROWELL

information in accordance with this Order. The recipient shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the recipient was placed on notice of the Producing Party's designation.

f.      No party who receives any document or information designated "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO COURT ORDER" shall alter, modify or change in any way the document itself or any information contained therein, or any portion thereof, including, but not limited to, adding any additional marking or designation on the document. Further, no party shall delete, remove, alter, modify, or change in any way the original confidential designation, Bates stamp, or other identifying mark or designation on the document as produced by the Producing Party.

4.      ~~Any party desiring to submit Confidential Information to the with any motion or other proceeding within the purview of this Confidential Information for any purpose in this case, including the introduction of said information into evidence at the trial of this action or at any hearing relating to this action before any judicial officer, subject to the Federal Rules of Civil Procedure and/or Evidence and orders of the Court, shall submit the material under seal and file a motion for an order sealing the documents consistent with the Ninth Circuit opinions of Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) and Pintos v. Pacific Creditors Association, 605~~

See order issued concurrently herewith

KAEMPFER
CROWELL

1   ~~F.3d 665, 678 (9th Cir. 2010) and consistent with Local Rule 10-5. The parties shall~~

2   ~~separately negotiate the use of confidential material at trial and at any hearing, and~~

3   ~~to the extent an agreement cannot be reached, the Court shall intervene.~~

4           5.     In the absence of written permission from the Producing Party

5   or further order by the Court, any Confidential Information produced or tendered

6   in accordance with the provisions of Paragraph 3 above shall not be disclosed

7   directly or indirectly to any person other than: (i) outside counsel for parties to this

8   litigation, including necessary paralegal, secretarial, and clerical personnel

9   assisting said counsel; (ii) in-house counsel for any party to this litigation who have

10  a need to use the information in connection with this lawsuit, limited to those

11  counsel responsible for managing litigation and who have responsibility for

12  providing day to day legal counsel to the business, including necessary paralegal,

13  secretarial, and clerical personnel assisting said counsel; (iii) legal and claims

14  representatives of any insurance carriers of any parties who have a need to use the

15  information in connection with this lawsuit, including necessary paralegal,

16  secretarial, and clerical personnel assisting said representative; (iv) qualified

17  persons recording testimony involving the documents or information, including

18  necessary stenographic and clerical personnel thereof; (v) subject to the provisions

19  of Paragraph 6 below, experts and consultants (and their staff) who are specially

20  employed for purposes of this litigation by the non-producing party and who are

21  not employees of, or regular business consultants to, said party or its affiliates; (vi)

22  the jury and Court, including necessary secretarial and clerical personnel assisting

23  the Court.

24          6.     Confidential Information produced in accordance with the

KAEMPFER
CROWELL

provisions of Paragraph 3 above shall not be made available to any person designated in Paragraph 5 (ii), (iii) or (v) above unless he or she has first read this Order and has agreed, by executing an Undertaking in the form attached as Appendix 1 to this Order, to all of the following terms and conditions; (i) to be bound by the terms of this Order and the terms of the Undertaking; (ii) not to reveal the Confidential Information to anyone other than persons designated in Paragraph 5; and (iii) to utilize the Confidential Information solely for purposes of this litigation. Therefore, counsel intending to disclose Confidential Information to any person designated in Paragraph 5 (ii), (iii) or (v) above shall first provide the person with a copy of this Order and shall inform the person that he or she is bound by its terms before disclosing any Confidential Information to any such person. Within thirty (30) days after the final resolution of the case through whatever means, including any related appeals, counsel disclosing Confidential Information to any person designated in Paragraph 5 (ii), (iii) or (v) above shall provide to the respective Producing Party copies of each Undertaking attached as Appendix 1 to this Order, executed by all persons designated in Paragraph 5 (ii), (iii) or (v) above to whom Confidential Information has been disclosed.

7.      Confidential Information may be disclosed to any witness during a deposition if the examining counsel in good faith believes it is necessary to develop its claims or defenses. This Order applies to all deposition witnesses. Therefore, counsel disclosing the Confidential Information during any deposition shall first provide the witness with a copy of this Order and shall inform the witness that he or she is bound by its terms before attempting to elicit any testimony from the witness regarding the Confidential Information.

KAEMPFER
CROWELL

8.     All Confidential Information produced in accordance with the provisions of Paragraph 3 above shall be utilized solely for purposes of this litigation. Confidential Information shall not be used, shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, except as provided by this Order. Use for purposes of this litigation shall include use in testimony and exhibits at trial, or in connection with any motions, depositions, or witness preparation, subject to the restrictions of this Order, but shall not include use in connection with any other lawsuit, dispute or proceeding in addition to any research, development, manufacture, sales, or marketing of any product or for any business or commercial purpose.

9.     If any party to this Order who is entitled to receive any Confidential Information produced in accordance with Paragraph 3 disagrees with respect to its designation as Confidential Information, whether in whole or in any part, then said party shall notify the Producing Party in writing of its objection, and the parties shall thereupon confer as to the status of the subject information proffered within the context of this Order. If the recipient and the Producing Party are unable to agree as to the status of the subject information, the party may by motion raise the issues of the designation of the information's status to the Court, who shall consider the issue. The designating party shall have twenty-one (21) days after receipt of any written notification described above to file an appropriate motion to raise the issues of the designation of the information's status to the Court. Should a motion be filed regarding the confidential status of the contested information, it shall be designating party's burden to establish the confidential nature of the information. The contested information shall remain confidential

KAEMPFER
CROWELL

unless and until the Court rules to the contrary. If a motion is not filed by the Producing Party within 21 days of receiving the written notice described in this paragraph, then the Confidential Information designation shall be deemed removed and the material will not longer be considered Confidential Information subject to the protections of this Order unless and until otherwise ordered by the Court. Acceptance by any party of any information designated as Confidential Information shall not constitute a concession that said information is indeed confidential.

10.     The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order upon good cause shown.

11.     A copy of this Order shall be presented to the Court Reporter by the party disclosing Confidential Information upon the taking of any deposition in this action at or prior to the time when any question is propounded regarding Confidential Information. Portions of the original deposition transcript designated as Confidential and including the Court Reporter's notes therefore shall be placed by the Court Reporter in a sealed envelope marked with the title of the Court and the style of this case and the following statement: "RESTRICTED- THIS ENVELOPE [OR CONTAINER] CONTAINS CONFIDENTIAL INFORMATION. IT MAY NOT BE OPENED, AND THE CONTENTS MAY NOT BE DISPLAYED OR REVEALED (EXCEPT TO ATTORNEYS OF RECORD FOR A PARTY), EXCEPT BY ORDER OF THE COURT OR CONSENT OF ALL THE PARTIES." The Court Reporter shall return the envelope to the attorney taking the deposition, and copies shall be provided to all

KAEMPFER CROWELL

counsel. Designated portions of copies of the deposition transcript shall be treated as Confidential Information as provided by this Order. If deposition testimony requires the disclosure of Confidential Information, that portion of the deposition will be closed to all persons except the deponent, the Court Reporter, and the persons designated in, and pursuant to the conditions of, Paragraph 5 of this Order, until otherwise decided by the Court.

12.     At any time, a Producing Party may disclose its own Confidential Information to third parties without restriction by this Order.

13.     If counsel, a party, or any recipient receives a subpoena or other process or order seeking the production of Confidential Information, the attorney, party, or recipient shall promptly notify the Producing Party's attorney of record, furnish said attorney with a copy of the subpoena or other process or order, and cooperate with the Producing Party's efforts to address the issue and protect the confidentiality. The Producing Party has the burden of defending against any subpoenas or other process or order to the extent that the subpoena, process, or order seeks production or disclosure of its Confidential Information. The attorney, party, or recipient receiving the subpoena shall not produce the requested Confidential Information for a period of twenty (20) days unless ordered to do so by a Court of competent jurisdiction. If within that twenty (20) day period the Producing Party moves for an order modifying or quashing the subpoena or other process or order, or providing protection from it, the Confidential Information shall not be produced or disclosed unless and until ordered by the Court. If the Producing Party fails to move for protection within the twenty (20) day period, the attorney, party, or recipient shall be entitled to comply with the subpoena or other process or

KAEMPFER CROWELL

1    order unless the action taken by the Producing Party relieves the attorney, party, or

2    recipient from compliance with the subpoena or other process or order under the

3    Federal Rules of Civil Procedure.

4          14.    The taking or failure to take any action to enforce the provisions

5    of this Order, or the failure to object to any act or omission by any party, shall not

6    waive any claim or defense in this lawsuit, including any claim or defense that

7    information is or is not proprietary, secret, or confidential. The procedures set forth

8    in this Order shall not affect the rights of the parties to object to discovery, nor shall

9    they relieve a party of the duty to properly respond to discovery requests. The entry

10   of this Order shall not have the effect of making documents or information relevant

11   or discoverable when said documents or information are not otherwise relevant or

12   discoverable in the absence of this Order.

13         15.    Absent a signed, written stipulation of the parties, or an order

14   of the Court, the existence of this Order, the fact of any designation under this

15   Order, and the rulings of the Court regarding any designation under this Order,

16   shall not be admissible during the trial of this action.

17         16.    This Confidentiality and Protective Order shall not apply to the

18   disclosure of Confidential Information at the trial of this matter. The closure of trial

19   proceedings and sealing of the record of a trial involve considerations not presently

20   before the Court, These issues may be determined by subsequent agreement of the

21   parties or by order of this Court.

22         17.    If a party intends to disclose any Confidential Information

23   subject to this Confidentiality and Protective Order during the trial of this case, that

24   party shall give written notice of such intent to counsel for the party claiming

KAEMPFER
CROWELL

confidentiality and shall identify such Confidential Information to be so disclosed at least forty-five (45) days before the date this case is set for trial, so that the party claiming confidentiality might take any steps it deems necessary to protect the confidential nature of any Confidential Information that may be disclosed at trial.

18.    The parties shall work to establish procedures to assure continued confidentiality of any Confidential Information to be offered at trial in this litigation.

19.    This Order shall survive the final disposition and termination of this action with respect to any Confidential Information. Within thirty (30) days after the final resolution of the case through whatever means, including any related appeals, the receiving party shall promptly:

(1)    destroy or return to counsel for the Producing Party all Confidential Information and all documents incorporating Confidential Information, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product;

(2)    in the case of electronically-stored information, destroy or return all digital/electronic records, computer tapes, computer disks, DVDs, CDs, or other media containing or incorporating Confidential Information;

(3)    destroy or return all Confidential Information and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product that has been stored on any portable media (DVD, CD, USB flash drive, etc.);

(4)    if counsel elects to destroy Confidential Information, they shall consult with counsel for the Producing Party on the manner of destruction or obtain the Producing

KAEMPFER
CROWELL

Party's consent to the method and means of destruction. Counsel must then provide written certification to the Producing Party of deletion of Confidential Information and all copies made thereof, including all documents or copies of documents provided by the party to any other person from all systems, applications, hard drives, servers, web-based or other storage repositories of any type;

(5)   provide assurance that no steps will be taken at any time in the future to restore Confidential Information, and that any inadvertent violation of this assurance and steps taken to remedy it will be promptly reported to the other party; and

(6)   Outside counsel, however, shall not be required to return or destroy any pretrial or trial records as are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as Confidential Documents in conformity with this Order.

The deletion required under subpart four (4) of this paragraph shall not require deletion from backup tapes.

DATED this 17th day of June, 2022.

**KAEMPFER CROWELL**

Ryan M. Lower, No. 9108
Joseph E. Dagher, No. 15204
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

IT IS SO ORDERED.
Dated:  June 21, 2022
.
.

Nancy J. Koppe
United States Magistrate Judge

**BABST, CALLAND, CLEMENTS, AND ZOMNIR P.C.**
Kathy K. Condo, PA No. 34910,
to be admitted Pro Hac Vice
Joshua S. Snyder PA No. 315845, Pro Hac Vice
Two Gateway Center, 6th Floor
Pittsburgh, PA 15222

*Attorneys for Defendant Amrep, Inc.*

KAEMPFER
CROWELL

Dated this 10th day of June, 2022

**CLIFF W. MARCEK, P.C.**

By: */s/ Andrew J. DuPont*
    CLIFF W. MARCEK, ESQ.
    Nevada Bar No. 5061
    411 E. Bonneville Ave., Suite 390
    Las Vegas, Nevada 89101

    LOCKS LAW FIRM

    ANDREW J. DuPont, ESQ.
    Admitted *pro hac vice*
    601 Walnut Street, Suite 720 East
    Philadelphia, PA 19106

    *Attorneys for Plaintiff, Tyler*
    *Underwood*

Dated this 10th day of June, 2022

**GORDON REES SCULLY MANSUKHANI LLP**

By: */s/ Theodore C. Yarborough*
    DYLAN E. HOUSTON, ESQ.
    Nevada Bar No. 13697
    THEODORE C. YARBROUGH, ESQ.
    Admitted *pro hac vice*
    300 South 4th Street, Suite 1550
    Las Vegas, Nevada 89101

    *Attorneys for Defendant, Advance*
    *Stores Company, Incorporated*

DATED this 10th day of June, 2022

**SELMAN BREITMAN LLP**

By: */s/ Eric O Freeman*
    ERIC O. FREEMAN, ESQ.
    Nevada Bar No. 6648
    3993 Howard Hughes Pkwy., Ste. 200
    Las Vegas, Nevada 89169-0961

    *Attorneys for Defendants, Illinois*
    *Tool Works Inc., CRC Industries,*
    *Inc.,and Ashland, LLC*

DATED this 6th day of June, 2022

**GORDON REES SCULLY MANSUKHANI LLP**

By: */s/ James E. Cavanaugh*
    ROBERT E. SCHUMACHER, ESQ.
    Nevada Bar No. 7504
    JAMES E. CAVANAUGH, ESQ.
    Nevada Bar No. 6929
    300 South 4th Street, Suite 1550
    Las Vegas, Nevada 89101

    *Attorneys for Defendant, The*
    *B'Laster Corporation*

KAEMPFER
CROWELL

DATED this 6th day of June, 2022

**RESNICK & LOUIS, P.C.**

By: /s/ Adam P. McMillen
        ADAM P. MCMILLEN, ESQ.
        Nevada Bar No. 10678
        8925 W. Russell Road, Suite 220
        Las Vegas, Nevada 89148

        *Attorneys for Defendant, RM
        Markets, Inc.*

DATED this 6th day of June, 2022

**BOWMAN AND BROOKE, LLP**

By: */s/ Justin D. Niznik*
        MARIO D. VALENCIA, ESQ.
        Nevada Bar No. 6154
        40 S. Stephanie St., Ste 201
        Henderson, NV 89012

        BOWMAN AND BROOKE, LLP

        JUSTIN D. NIZNIK, Esq.
        Admitted Pro Hac Vice
        Florida Bar No. 0774901
        1064 Greenwood Blvd., Ste 212
        Lake Mary, FL 32746

        *Attorneys for W.M. Barr*

DATED this 5th day of June, 2022

**LEWIS BRISBOIS BISGAARD &
SMITH, LLP**

By: */s/ Steven B. Abbott*
        STEVEN B. ABBOTT, ESQ.
        Nevada Bar No. 10303
        STEVEN FOREMASTER, ESQ.

DATED this 14th day of June, 2022

**ALVERSON TAYLOR & SANDERS**

By: /s/ Nicholas Psyk
        KURT R. BONDS, ESQ.
        Nevada Bar No. 6228
        Nicholas Pysk, ESQ.
        Nevada Bar No. 15983
        8925 W. Russell Road, Suite 220
        Las Vegas, Nevada 89148
        6605 Grand Montecito Pkwy., Ste
        200
        Las Vegas, NV 89149

        *Attorneys for Defendant,
        O'Reilly Auto Enterprises, LLC*

DATED this 6th day of June, 2022

**ALVERSON TAYLOR & SANDERS**

By: */s/ Jonathan B. Owens*
        JONATHAN B. OWENS, ESQ.
        Nevada Bar No. 7118
        6605 Grand Montecito Pkwy.,
        Ste. 200
        Las Vegas, NV 89149

        *Attorneys for Defendant Autozone,
        Inc.*

DATED this 6th day of June, 2022

**EVANS FEARS & SCHUTTERT LLP**

By: /s/ Jay J. Schuttert
        JAY J. SCHUTTERT, ESQ.
        Nevada Bar No. 8656
        JUSTIN S. HEPWORTH, ESQ.
        Nevada Bar No. 10080
        ALEXANDRIA L. LAYTON, ESQ.

KAEMPFER
CROWELL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Nevada Bar No. 10350
6385 S. Rainbow Boulevard,
Suite 600
Las Vegas, Nevada 89118

*Attorneys for Defendant, Safety-
Kleen Systems, Inc.*

Nevada Bar No. 14228
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119

*Attorneys for Defendant Calumet
Branded Products, LLC*

DATED this 6th day of June, 2022

**BACKUS, CARRANZA & BURDEN**

By: */s/ Melissa J. Roose*
    MELISSA J. ROOSE, ESQ.
    Nevada Bar No. 7889
    3050 S. Durango Dr.
    Las Vegas, Nevada 89117

    *Attorneys for Defendants,
    Richard A. Haley and 7-Eleven, Inc.*

KAEMPFER
CROWELL

KAEMPFER CROWELL
Ryan M. Lower, No. 9108
Joseph E. Dagher, No. 15204
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rlower@kcnvlaw.com
Email: jdagher@kcnvlaw.com

*Attorneys for Amrep, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TYLER UNDERWOOD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>O'REILLY AUTO PARTS, INC.; ILLINOIS TOOL WORKS, INC., Individually and as Successor in Interest to Pennzoil Quaker State Company d/b/a Gumout; THE BLASTER CORPORATION; CRC INDUSTRIES, INC.; SAFETY-KLEEN SYSTEMS, INC.; HIGHLAND STORES, INC. d/b/a Bi-Rite; 7-ELEVEN, INC.; RICHARD A. HALEY; AUTOZONE STORES, LLC f/k/a Autozone Stores, Inc.; AMREP, INC.; ADVANCE STORES COMPANY, INCORPORATED, Individually and as Successor in Interest to and d/b/a CarQuest Auto Parts; ASHLAND, LLC, Individually and as Successor in Interest to and d/b/a Valvoline; SUNNYSIDE CORPORATION, W.M. BARR & COMPANY, INC.; TECHNICAL CHEMICAL COMPANY,<br><br>Defendants. | Case No. 2:21-cv-01766-GMN-NJK |

## <u>CONFIDENTIALITY AND PROTECTIVE ORDER – APPENDIX I</u>

STATE OF _____)

COUNTY OF _____)

I, _____ , hereby affirm, attest, and agree as follows:

1. My business address is

2. My present employer is

3. <u>My present occupation or job description is</u>

4. [For all experts and consultants only] Except as retained by_____ in connection with the above referenced action, I am not currently employed by any party to this lawsuit or engaged as an independent contractor or consultant by or for any party to this lawsuit, either directly or indirectly.

5. I hereby acknowledge and agree that any information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO COURT ORDER" that I receive or review in connection with this lawsuit is being provided to me pursuant to the terms and restrictions of the attached Confidentiality and Protective Order (the "Order").

6. I have read and understand the Order and agree to comply with and be bound by each and every term therein. I understand and agree that I am to handle all of the materials that I receive which have been designated as "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO COURT ORDER" in a manner consistent with the Order. I further understand and agree to utilize all of the materials that I receive which

KAEMPFER
CROWELL

have been designated as "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO COURT ORDER" solely for purposes of this litigation, and that such materials, including any notes relating thereto, shall not be disclosed **to or discussed with anyone not permitted under the Order** to see same.

7.      No later than thirty (30) days after final termination of this litigation, including any and all appeals, or resolution through settlement, I agree to return to the counsel of record who provided me with such materials all information and documents designated as "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO COURT ORDER," including all copies, extracts, and summaries thereof (and including those I prepared), or I will certify in writing that all such materials have been destroyed, Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Order.

8.      I hereby submit myself to the jurisdiction of Nevada for the limited purpose of assuring my compliance with the Order. I therefore waive any and all objections to jurisdiction and venue in any action brought to enforce the Order against me.

_____
SIGNATURE

_____
PRINTED NAME

KAEMPFER
CROWELL