UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA UNDERWOOD,<br>    Plaintiff(s),<br>v.<br>O'REILLY AUTO ENTERPRISES, LLC, et al.,<br>    Defendant(s). | Case No. 2:21-cv-01766-GMN-NJK<br>**Order**<br>[Docket No. 144] |

Pending before the Court is Plaintiff's motion to compel and for sanctions. Docket No. 144. Defendant O'Reilly Auto filed a response in opposition. Docket No. 150. Plaintiff filed a reply. Docket No. 154. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to compel and for sanctions is **GRANTED**.

**I.    BACKGROUND**

Tyler Underwood performed automotive and heavy equipment mechanical work from about 2006 to 2020. Compl. at ¶ 7. In December 2020, Mr. Underwood was diagnosed with Acute Myelogenous Leukemia (AML), as well as related adverse blood and bone marrow effects, cellular abnormalities, anemia, genotoxic effects, and DNA damage. Comp. at ¶ 10. On September 15, 2021, Mr. Underwood brought suit alleging that he was exposed to benzene through his automotive and equipment work. *See* Compl. at ¶ 7. On January 16, 2022, Mr. Underwood passed away at the age of 25. Docket No. 116-1. On April 20, 2022, Angela Underwood (Mr. Underwood's mother) was substituted as the plaintiff in this case. Docket No. 138.[1]

The parties are currently before the Court on Plaintiff's motion to compel and for sanctions.

---

[1] Hereafter, the initial plaintiff will be referred to as "Mr. Underwood," and the substituted plaintiff will be referred to as "Plaintiff."

1

## II. MOTION TO COMPEL

### A. STANDARDS

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

### B. ANALYSIS

Mr. Underwood died on January 16, 2022. *See* Docket No. 136. Mr. Underwood's counsel served requests for production on Defendant O'Reilly Auto on February 13, 2022. Docket No. 144-1. Defendant O'Reilly Auto objected on the ground that Mr. Underwood was then deceased. Docket No. 144-2. Nonetheless, Defendant O'Reilly Auto agreed to "respond to the currently deficient written discovery on a date after a proper plaintiff party has been substituted in." *Id.* at 4. During the conferral process, Defendant O'Reilly Auto continued to agree to respond to the requests for production once a substitution of plaintiff was effectuated. *See* Docket No. 144-3 at 1 (email from April 4, 2022, indicating that defense counsel "can tell you now that O'Reilly has no objection to your proposed substitution of Tyler's mother in as a proper party plaintiff and I don't see any reason why the Court won't allow her to substitute in. Based on that, O'Reilly is willing to move forward with providing responses to your discovery now that it appears a proper party plaintiff will be substituted in"). On April 20, 2022, the Court granted the motion to substitute Mr. Underwood's mother as the plaintiff in the case. Docket No. 138. Defendant O'Reilly Auto thereafter agreed yet again to provide responses to the requests for production. *See* Docket No. 144-4 at 1 (email from May 25, 2022, indicating as follows: "Thank you for speaking with me today[] to discuss O'Reilly's outstanding discovery responses and deposition[.] We agreed that (1) O'Reilly would answer the previously served Plaintiff's interrogatories and requests for production by June 8th").

The Court is at a loss. Despite the clear procedural history as stated above, including multiple assertions from counsel that it would do so, Defendant O'Reilly Auto has still not answered the requests for production at issue. Instead, in conclusory fashion, Defendant O'Reilly Auto indicates that it is not required to do so because "[t]here is no proper plaintiff party in this case nor has there been from January 16, 2022 onward." Docket No. 150 at 3. In making this representation, Defendant O'Reilly Auto completely ignores the Court's order substituting Plaintiff in place of Mr. Underwood and its own repeated assurances that it would provide responses to the requests for production. The frivolous assertion that requests for production may be ignored because there is "no proper plaintiff" in the case is rejected.[2]

The remainder of Defendant O'Reilly Auto's response to the instant motion practice consists of a listing of various objections. *See* Docket No. 150 at 3-4. These objections appear to have been cut-and-pasted from the earlier discovery responses. *See* Docket No. 144-2. Discovery motion practice is not exempt from the basic briefing requirement that courts generally only address arguments that are meaningfully developed. *See, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018) (citing *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013)). A party opposing a motion to compel does not meet its burden of persuasion by rattling off objections. *See, e.g.*, *Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018). The Court is not persuaded that the listing of objections here suffices to deny the motion to compel.

Accordingly, the motion to compel will be granted. Defendant O'Reilly Auto must provide responsive documents by September 27, 2022.

### III. MOTION FOR ATTORNEYS' FEES

Plaintiff also seeks an award of expenses incurred in bringing the instant motion to compel pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. *See* Docket No. 144 at 20-

---

[2] It appears that part of the problem here is that counsel for Defendant O'Reilly Auto cut-and-pasted from its outdated discovery response (with an omission of the portion in which it agreed to provide responses) that does not account for the current posture of the case. *Compare* Docket No. 150 (opposition brief) *with* Docket No. 144-2 (initial responses to requests for production).

3

21 (quoting Fed. R. Civ. P. 37(a)(5)(A)).[3]  Defendant O'Reilly Auto does not address this issue in responding to the motion.

The governing rules provide a presumption that reasonable expenses—including attorneys' fees—will be awarded to the party that prevails on a motion to compel discovery. Fed. R. Civ. P. 37(a)(5)(A); *see also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020).[4] The losing party may rebut the presumption of an award of expenses by establishing that its position was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).[5] A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The party facing an award of expenses bears the burden of establishing substantial justification. *See Flamingo Trails*, 316 F.R.D. 327, 335 (D. Nev. 2016). District courts have "great latitude" in awarding expenses under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

As noted above, Defendant O'Reilly Auto has not argued substantial justification in its position. Moreover, substantial justification is lacking here in any event.

Accordingly, the motion for an award of expenses will be granted. Although they are not required to do so, the Court encourages counsel to confer on an appropriate amount of fees to be paid to Plaintiff. If an agreement is not reached, Plaintiff must file a "Motion to Calculate Fees"

---

[3] Plaintiff also seeks an award of fees under other provisions in Rule 37. *See* Docket No. 144 at 20-21. Because the Court finds an award of fees proper under Rule 37(a)(5)(A), the Court need not opine on whether fees may be awarded under the other rules cited. For the first time in reply, Plaintiff seeks dispositive sanctions against Defendant O'Reilly Auto. *See* Docket No. 154 at 4. Courts do not generally consider arguments made for the first time in reply. *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021).

[4] Such expenses are awarded after an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). An "opportunity to be heard" does not require either a formal hearing or a separate motion for an award of expenses. *See, e.g., Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). When a motion to compel itself seeks an award of expenses, a sufficient opportunity is afforded in that the responding party may present argument in its response to the motion to compel. *See Big City Dynasty*, 336 F.R.D. at 523 n.10 (citing *Kiessling v. Rader*, No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *5 (D. Nev. Mar. 20, 2018)).

[5] An award of expenses is also unwarranted when the prevailing party did not conduct a meet-and-confer before seeking judicial intervention or when an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (iii). Neither circumstance has been shown here.

4

by September 27, 2022.  Such motion must include all required information for fees to be calculated, including as to the hours expended and a reasonable hourly rate.  Given the order herein that Plaintiff is entitled to an award of fees, such motion practice will be limited to addressing the <u>amount of fees</u> to be awarded.

## IV.     CONCLUSION

For the reasons discussed more fully above, the motion to compel and for sanctions is **GRANTED**.

IT IS SO ORDERED.

Dated: September 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge