UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA UNDERWOOD,<br>   Plaintiff(s),<br>v.<br>O'REILLY AUTO ENTERPRISES, LLC, et al.,<br>   Defendant(s). | Case No. 2:21-cv-01766-GMN-NJK<br>**Order**<br>[Docket No. 147] |

Pending before the Court is Plaintiff's motion to compel and for sanctions. Docket No. 147. Defendant O'Reilly Auto filed a response in opposition. Docket No. 152. Plaintiff filed a reply. Docket No. 155. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to compel and for sanctions is **GRANTED**.

**I.    BACKGROUND**

Tyler Underwood performed automotive and heavy equipment mechanical work from about 2006 to 2020. Compl. at ¶ 7. In December 2020, Mr. Underwood was diagnosed with Acute Myelogenous Leukemia (AML), as well as related adverse blood and bone marrow effects, cellular abnormalities, anemia, genotoxic effects, and DNA damage. Comp. at ¶ 10. On September 15, 2021, Mr. Underwood brought suit alleging that he was exposed to benzene through his automotive and equipment work. *See* Compl. at ¶ 7. On January 16, 2022, Mr. Underwood passed away at the age of 25. Docket No. 116-1. On April 20, 2022, Angela Underwood (Mr. Underwood's mother) was substituted as the plaintiff in this case. Docket No. 138.[1]

The parties are currently before the Court on Plaintiff's motion to compel and for sanctions.

---

[1] Hereafter, the initial plaintiff will be referred to as "Mr. Underwood," and the substituted plaintiff will be referred to as "Plaintiff."

1

## II. MOTION TO COMPEL

### A. STANDARDS

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). "[A] strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B. ANALYSIS

Defendant O'Reilly Auto seeks to prevent its deposition based on undeveloped objections as to breadth, relevance, and insufficient conferral efforts. Docket No. 152 at 7.[2] Plaintiff provides a number of arguments in seeking the discovery, including that Defendant O'Reilly Auto already

---

[2] Although the responsive brief lists objections and provides some overview, the "argument" presented is in its entirety as follows:

> Here, aside from limiting the topics to the O'Reilly products identified in the case, Plaintiff's proposed topics generally lack limiting language or any specifics regarding the information sought. That is, Plaintiff's proposed topics essentially seek any and all information Defendant has (or that is reasonably available to Defendant) regarding the subject products, as well as benzene generally. In addition, Plaintiff has not limited or specified topics 15, 16, 18, and 19 in any way to make them relevant to the claims in this case. Simply put, despite efforts by Defendant's counsel to reach a compromise in limiting the proposed topics, Plaintiff's counsel has failed to provide any limitations to the excessively broad and irrelevant topics listed above. As a result, Plaintiff's counsel has not met the duty of good faith efforts to compromise and limit Defendant's deposition topics to allow Defendant to fulfill its duty to find or educate a witness capable of responding to said topics. Therefore, Plaintiff should not be permitted to force Defendant to produce a witness that has summarized, synthesized, and memorized every conceivable fact tenuously related to Plaintiff's claims.

Docket No. 152 at 7. The response also notes elsewhere that "Defendant has not been served with any formal Notice of Deposition toward Defendant as an organization," Docket No. 152 at 5, which is apparently an undeveloped effort to challenge the sufficiency of the letter provided to serve as the deposition notice.

agreed to provide the deposition testimony through its prior counsel. *See, e.g.*, Docket No. 147 at 10. Plaintiff has the better argument.

The Court begins and ends its analysis with Defendant O'Reilly Auto's prior agreement to provide this deposition testimony. On April 4, 2022, Defendant O'Reilly Auto's attorney agreed to move forward with the deposition in prompt fashion, but indicated that there were "a few matters on the topics" that counsel "wanted to discuss [to] get some clarification on so that we can designate a witness who can testify to the proper topics." Docket No. 47-2 at 1. Leaving no ambiguity, defense counsel stated that, "[o]nce we get the topics figured out," he would "expect an O'Reilly witness could be available for deposition sometime around the middle or end of May." *Id.* On April 6, 2022, Plaintiff's counsel conducted a telephonic meet-and-confer as to the deposition issues referred to a few days earlier. Docket No. 147 at 19. During that conference, Plaintiff's counsel agreed to defer questioning on topics related to corporate wealth, a compromise to which Defendant O'Reilly Auto's attorney agreed. *Id.* With respect to the other concerns raised by counsel for Defendant O'Reilly Auto, Plaintiff's counsel explained at length why each topic was relevant and discoverable. *Id.* at 19-22. At the conclusion of the telephonic conference, counsel for Defendant O'Reilly Auto "agreed to produce a witness on the topics listed in the Plaintiff's February 13, 2022 letter, asked that the deposition be scheduled in mid to late May[,] and stated that he would provide deposition dates." *Id.* at 22. These representations as to the agreements reached by counsel are unrebutted in the record.

Defendant O'Reilly Auto completely ignores in the current motion practice that its prior counsel already came to an agreement on the issues related to this deposition.[3] Instead, it now seeks to raise objections afresh and provides conclusory arguments manufactured after the above agreements were reached. The ship has sailed on these objections and arguments. The conferral requirements "are very important and the Court takes them very seriously." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019). Attorneys must also take that process seriously, as they

---

[3] To be clear, that there were prior discussions is not unknown to Defendant O'Reilly Auto, as they are both addressed in the opening motion and alluded to vaguely by Defendant O'Reilly Auto in its response. *See, e.g.*, Docket No. 152 at 2 (acknowledging that there were "some initial discussions" as to this deposition).

3

are required to participate in "good faith," Fed. R. Civ. P. 37(a)(1), and their clients are generally bound by the agreements reached during such conferences, Fed. R. Civ. P. 29 (discovery stipulations are effective without the need for judicial approval unless the agreement "would interfere with the time set for completing discovery, for hearing a motion, or for trial"). Parties will be held to the agreements their counsel reached during conferral discussions. *ProDox, LLC v. Professional Document Servs., Inc.*, ___ F.R.D. ____, 2022 WL 2255679, at *4 (D. Nev. Apr. 28, 2022) ("The Court will not countenance an attorney's attempt to renege on his prior [discovery-related] agreement as a means to gain a litigation advantage").[4]

The Court has been provided with no reason to allow Defendant O'Reilly Auto to renege on its agreements with respect to this Rule 30(b)(6) deposition. Defendant O'Reilly Auto must appear for its deposition, to be taken in accordance with the terms ironed out by counsel during the April conferral process, by October 4, 2022.

### III.     MOTION FOR ATTORNEYS' FEES

Plaintiff also seeks an award of expenses incurred in bringing the instant motion to compel pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. *See* Docket No. 147 at 16-17 (quoting Fed. R. Civ. P. 37(a)(5)(A)).[5] Defendant O'Reilly Auto does not address this issue in responding to the motion.

The governing rules provide a presumption that reasonable expenses—including attorneys' fees—will be awarded to the party that prevails on a motion to compel discovery. Fed. R. Civ. P.

---

[4] Even apart from the fact that Defendant O'Reilly Auto already agreed to provide the subject deposition testimony, its undeveloped arguments in responding to the motion to compel fall far short of the showing required to avoid deposition. *See Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018); *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018) (citing *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013)); *see also Blankenship*, 519 F.2d at 429 (requiring a "strong showing" to avoid deposition).

[5] Plaintiff also seeks an award of fees under other provisions in Rule 37. *See* Docket No. 147 at 16-17. Because the Court finds an award of fees proper under Rule 37(a)(5)(A), the Court need not opine on whether fees may be awarded under the other rules cited. For the first time in reply, Plaintiff seeks dispositive sanctions against Defendant O'Reilly Auto. *See* Docket No. 155 at 9. Courts do not generally consider arguments made for the first time in reply. *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021).

4

37(a)(5)(A); *see also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020).[6] The losing party may rebut the presumption of an award of expenses by establishing that its position was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).[7] A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The party facing an award of expenses bears the burden of establishing substantial justification. *See Flamingo Trails*, 316 F.R.D. 327, 335 (D. Nev. 2016). District courts have "great latitude" in awarding expenses under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

As noted above, Defendant O'Reilly Auto has not argued substantial justification in its position. Moreover, substantial justification is lacking here in any event.

Accordingly, the motion for an award of expenses will be granted. Although they are not required to do so, the Court encourages counsel to confer on an appropriate amount of fees to be paid to Plaintiff. If an agreement is not reached, Plaintiff must file a "Motion to Calculate Fees" by September 27, 2022. Such motion must include all required information for fees to be calculated, including as to the hours expended and a reasonable hourly rate. Given the order herein that Plaintiff is entitled to an award of fees, such motion practice will be limited to addressing the <u>amount of fees</u> to be awarded.

---

[6] Such expenses are awarded after an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). An "opportunity to be heard" does not require either a formal hearing or a separate motion for an award of expenses. *See, e.g.*, *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). When a motion to compel itself seeks an award of expenses, a sufficient opportunity is afforded in that the responding party may present argument in its response to the motion to compel. *See Big City Dynasty*, 336 F.R.D. at 523 n.10 (citing *Kiessling v. Rader*, No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *5 (D. Nev. Mar. 20, 2018)).

[7] An award of expenses is also unwarranted when the prevailing party did not conduct a meet-and-confer before seeking judicial intervention or when an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (iii). Defendant O'Reilly Auto argues in general that "Plaintiff's counsel has not met the duty of good faith efforts to compromise." Docket No. 152 at 7. Particularly given the conferral history that Defendant O'Reilly Auto has chosen to ignore, this bald assertion is frivolous. The Court is not persuaded that expenses should not be awarded on the ground that the motion to compel was filed without sufficient conferral efforts. Moreover, the Court does not find that an award of expenses would be unjust.

## IV. CONCLUSION

For the reasons discussed more fully above, the motion to compel and for sanctions is **GRANTED**.

IT IS SO ORDERED.

Dated: September 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge