UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA UNDERWOOD,<br><br>    Plaintiff(s),<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-01766-GMN-NJK<br><br>**ORDER**<br><br>[Docket Nos. 156, 157] |

Pending before the Court are Plaintiff's motions to add parties and to amend the complaint. Docket No. 156 (motion to add parties); Docket No. 157 (motion to amend complaint); *see also* Docket No. 156-1 (proposed amended complaint). With respect to the motion to add parties, no response has been filed in opposition. With respect to the motion to amend, several defendants filed responses in opposition. Docket Nos. 168, 169, 172. Plaintiff filed a reply. Docket No. 174. The Court held a hearing on the motions on September 21, 2022. Docket No. 182.[1] For the reasons discussed below, Plaintiff's motions to add parties and to amend the complaint are **GRANTED**.[2]

**I.    BACKGROUND**

Tyler Underwood performed automotive and heavy equipment mechanical work from about 2006 to 2020. Compl. at ¶ 7. In December 2020, Mr. Underwood was diagnosed with Acute Myelogenous Leukemia (AML), as well as related adverse blood and bone marrow effects, cellular

---

[1] A transcript has not been prepared, so the Court cites herein to the audio recording.

[2] It is within a magistrate judge's authority to grant leave to add parties and to amend the complaint. *Vandehey v. Real Soc. Dynamics, Inc.*, No. 2:17-cv-02230-JAD-NJK, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa Cnty. Bd. of Sup'rs.*, 284 F.R.D. 452, 458 (D. Ariz. 2012)).

1

abnormalities, anemia, genotoxic effects, and DNA damage. Comp. at ¶ 10. On September 15, 2021, Mr. Underwood brought suit in state court alleging that he was exposed to benzene through his automotive and equipment work. *See* Compl. at ¶ 7. On September 23, 2021, the case was removed to federal court on diversity grounds. Docket No. 1. On December 15, 2021, the Court entered a scheduling order instructing the parties to engage in prompt discovery efforts given Mr. Underwood's deteriorating health. *See* Docket No. 65 at 1. From January 3 to January 8, 2022, Mr. Underwood was deposed. *See, e.g.*, Docket No. 168-5. On January 16, 2022, Mr. Underwood passed away. Docket No. 116-1. On April 20, 2022, Angela Underwood (Mr. Underwood's mother) was substituted as Plaintiff. Docket No. 138.[3]

The parties are currently before the Court on Plaintiff's motions to add defendants and to amend the complaint. Docket Nos. 156, 157.[4]

## II.     STANDARDS

Requests for leave to amend the pleadings filed on or before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure.[5] Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining

---

[3] Hereafter, the initial plaintiff will be referred to as "Mr. Underwood" and the substituted plaintiff will be referred to as "Plaintiff."

[4] Plaintiff previously sought leave to amend, but that request was denied without prejudice based on a procedural defect and the parties' failure to sufficiently address certain issues. Docket No. 138 at 3-4.

[5] The instant motion practice was filed before the expiration of the deadline to amend. *See* Docket No. 119 at 3 (setting this deadline to amend pleadings or add parties for August 29, 2022).

factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The party opposing the amendment bears the burden of showing why leave should be denied, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)), including the burden of establishing prejudice, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**III.   ANALYSIS**

There is no opposition to Plaintiff's motion to add defendants, but several defendants oppose the motion to amend the complaint. The opposing Defendants raise several arguments in seeking denial of Plaintiff's motion to amend the complaint: prejudice, undue delay, and futility.[6] The Court will address each factor in turn below.

A.   <u>Prejudice</u>

The Court begins its analysis with prejudice, as it is the most important consideration in determining whether to allow amendment. Defendants assert that they would be prejudiced by allowing Plaintiff to amend because they can no longer question Mr. Underwood in light of his death. *See, e.g.*, Docket No. 168 at 9-13; Docket No. 169. Plaintiff counters that sufficient prejudice does not exist from that circumstance to deny her the ability to amend. *See, e.g.*, Docket No. 157 at 15-23; Docket No. 174 at 2-9. Plaintiff has the better argument.

The potential for some prejudice does not suffice to deny leave to amend. The United States Supreme Court has made clear that it is "*undue* prejudice" that warrants denial of leave to

---

[6] Defendants at times seem to imply bad faith. *See, e.g.*, Docket No. 168 at 2 (asserting that Defendant Calumet was "led to believe prior to Mr. Underwood's deposition and thereafter that the only Calumet product at issue in this litigation was TruFuel 50:1"). To the extent Defendants are in fact arguing bad faith, the Court is not persuaded.

3

amend. *E.g.*, *Forman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added). "The Ninth Circuit has repeatedly stated that the prejudice must be 'substantial.'" *Montes v. Bank of Am.*, No. 2:13-cv-00660-RCJ-VCF, 2014 WL 1340232, at *3 (D. Nev. Apr. 3, 2014) (collecting cases). Hence, the non-movant must show "substantial prejudice or substantial negative effect" if the amendment is allowed. *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).

The existence of prejudice is "generally mitigated where the case is still in the discovery stage, no trial date is pending, and no pretrial conference has occurred." *Pizana v. SanMedica Int'l, LLC*, ___ F.R.D. ____, 2022 WL 1241098, at *10 (E.D. Cal. Apr. 27, 2022). Nonetheless, a showing of prejudice sufficient to deny leave to amend may be predicated on the non-movant's inability to obtain pertinent discovery in light of the death of a party or witness of significance. *See Boris v. Moore*, 253 F.2d 523, 524 (7th Cir. 1958); *Nat'l Surety Corp. v. Bozeman*, No. 20-cv-1187-WJM-GPG, 2022 WL 462084, at *4 (D. Colo. Feb. 15, 2022); *Essani v. Earley*, No. 13-cv-3424 (JMA)(SIL), 2018 WL 3785109, at *8 (E.D.N.Y. Aug. 9, 2018), *adopted*, 2018 WL 4100483 (E.D.N.Y. Aug. 28, 2018); *Williams v. Cost-U-Less, Inc.*, Civil Action No. 2011-025, 2014 WL 2993667, at *6 (D.V.I. July 3, 2014); *Powers v. Schneider Nat'l Carriers, Inc.*, No. 2:08-cv-36-PRC, 2009 WL 10721056, at *4 (N.D. Ind. Apr. 28, 2009); *Scott v. San Francisco Police Dept.*, No. C-89-2781 MHP, 1996 WL 637842, at *2 (N.D. Cal. Oct. 24, 1996); *Tiska v. United States*, Civ. A. No. 86-5814, 1989 WL 2378, at *2 (E.D. Penn. Jan. 11, 1989).

A finding of undue prejudice does not flow automatically from such a death, however; the assertion of prejudice must be evaluated based on the circumstances of each particular case. The death of a party or witness does not create sufficient prejudice to deny leave to amend when other sources exist from which pertinent information can be discovered. *See in re Recombinant DNA Tech. Patent & Contract Litig.*, 850 F. Supp. 769, 772 (S.D. Ind. 1994); *Will v. United Chambers Adm'rs, Inc.*, No. 86 C 3445, 1988 WL 6910, at *3 (N.D. Ill. 1988); *see also Freiberg v. Sentry Ins. Co.*, Civ. A. No. 88-3104, 1989 WL 101329, at *1 (E.D. Penn. Sept. 1, 1989). The death of a party or witness also does not create sufficient prejudice to deny leave to amend when the proposed amendments do not materially alter the nature of the claims or theories already pled. *See in re*

4

*Bernard L. Madoff Inv. Sec. LLC*, 560 B.R. 208, 224 (S.D.N.Y. Br. 2016); *Gerald v. R.J. Reynolds Tobacco Co.*, No. ST-10-CV-631, 2016 WL 2354564, at *7-8 (V.I. Super. Apr. 28, 2016).

The Court is not persuaded in the circumstances presented that the proposed amendment following Mr. Underwood's death is sufficiently prejudicial that it should not be allowed. Defendant Calumet argues prejudice in allowing amendment to add its TruFuel 40:1 product into the pleadings.[7] In particular, it was only Calumet's TruFuel 50:1 product in the pleadings at the time of Mr. Underwood's deposition and subsequent death, so Defendant Calumet urges a finding of prejudice based on an inability to question Mr. Underwood about this other product:

> Under these circumstances, it would certainly be prejudicial to permit supposed newfound allegations and claims about a different product when Calumet was never put on notice prior to Mr. Underwood's death. Specifically, Calumet cannot question Mr. Underwood about TruFuel 40:1, including why he used TruFuel 40:1 instead of TruFuel 50:1; how often he used it; on what equipment he used it; where he bought it; if he spilled it, etc. These are all important questions about Mr. Underwood's alleged exposure. Such questions cannot be asked now and Calumet had no reason to believe they should have been asked earlier given Plaintiff's direct and unambiguous testimony that only TruFuel 50:1 was at issue.

Docket No. 168 at 12. As Plaintiff notes in response, however, there are other sources from which Defendant Calumet may be able to discern information to the questions it has identified. *See* Docket No. 157 at 21-22 (identifying numerous potential witnesses).[8] The potential for other witness testimony on these topics militates against a finding of prejudice. *Cf. Recombinant DNA*, 850 F. Supp. at 772; *Will*, 1988 WL 6910, at *3. Moreover, Defendant Calumet acknowledges

---

[7] It is not entirely clear if Defendant Calumet also asserts prejudice in the inability to question Mr. Underwood as to the reliance allegations, an issue Defendant Calumet addresses elsewhere in its opposition brief. *See* Docket No. 168 at 21-22. Such argument as to prejudice would fail for the reasons discussed below as to Defendant B'Laster.

[8] Defendant Calumet contends that Plaintiff is speculating as to what other testimony may address this issue and should not be permitted to argue a motion for leave to amend "based on evidence that is not in the record." Docket No. 168 at 13 n.3. Defendant Calumet provides no support for this position that only already-obtained discovery may be considered in this context. The law is to the contrary. *See, e.g., Recombinant DNA*, 850 F. Supp. at 772 ("Genentech does not explain why the other key negotiators of the hGH Agreement *would not be able to provide the testimony* referenced by Genentech. Since it *appears* that other witnesses *are available* to supply testimony regarding the hGH Agreement, we do not believe that Aberg's absence would unduly prejudice Genentech" (emphasis added)).

5

that Mr. Underwood was in fact questioned during his deposition as to his use of TruFuel 50:1 for the same types of claims now alleged. *See* Docket No. 168 at 11; *see also* Docket No. 157 at 19-20. While the products may differ in some respects, the earlier ability to question Mr. Underwood on similar issues also militates against a finding of prejudice. *Cf. Gerald*, 2016 WL 2354564, at *7. Indeed, this proposed amendment is properly characterized as "add[ing] more detail" to the claims already pled, rather than asserting new claims on new theories, which further militates against a finding of prejudice. *Cf. Bernard L. Madoff Investment*, 560 B.R. at 224. Given these circumstances, the Court finds that Defendant Calumet has not established prejudice sufficient to deny leave to amend based on Mr. Underwood's death.

Defendant B'Laster argues prejudice in allowing amendment to add explicit allegations that Mr. Underwood relied on misrepresentations and omissions resulting in his death. *See* Docket No. 169 at 2-3.[9] Plaintiff responds that these are not "new" allegations and that the nature of the claims in the proposed amended complaint remains unchanged from the initial complaint. *See, e.g.*, Docket No. 157 at 17-20. Plaintiff argues more specifically that issues of reliance were at play already based on the allegations in the initial complaint. *See, e.g.*, *id.*; *see also* Docket No. 174 at 6-7. The Court agrees with Plaintiff. The initial complaint included the same claims at issue in the proposed amended complaint, as well as an allegation of fraud. *See, e.g.*, Compl. at ¶ 24.[10] While perhaps not labeled as "reliance" in the initial complaint, the claims pled therein

---

[9] Defendant B'Laster is also claiming prejudice as to amended allegations of reliance by entities or persons *other than Mr. Underwood*. *Compare, e.g.*, Docket No. 169 at 5 (identifying the entirety of paragraph 29 in the proposed amended complaint as being improper) *with* Docket No. 156-1 at ¶ 29 (alleging that, *inter alia*, consumers like Robert Davenport and retailers like Defendant O'Reilly Auto relied on alleged misrepresentations and omissions by Defendant B'Laster). Such an assertion sweeps too broadly given that Defendant B'Laster has made no meaningful showing that Mr. Underwood's death substantially prejudices the ability to obtain discovery as to reliance by others. Indeed, it appears such discovery has moved forward following Mr. Underwood's death. *See* Hearing Rec. (9/21/2022) at 2:24 – 2:25 p.m. (Plaintiff's counsel addressing deposition testimony as to Defendant O'Reilly's reliance).

[10] The proposed amended complaint does not seek to add a cause of action for fraud. The amended complaint alleges wrongful death along with five causes of action: (1) negligence (Docket No. 156-1 at ¶¶ 35-40); (2) gross negligence (*id.* at ¶¶ 41-45); (3) strict products liability (*id.* at ¶¶ 46-53); (4) breach of express and/or implied warranties (*id.* at ¶¶ 54-58); and (5) res ipsa loquitor (*id.* at ¶¶ 59-63). These same five causes of action were pled in the initial complaint before Mr. Underwood's death. *See* Compl. at ¶¶ 16-40. That the proposed amendment here seeks to add new factual allegations, as opposed to new claims, weighs in favor of allowing amendment. *See Bernard L. Madoff Investment*, 560 B.R. at 224. For this reason (and others), the Court is not

implicate similar factual issues. *See, e.g.*, Compl. at ¶ 19(k) ("Defendants, through instructions and marketing, caused the user of their benzene-containing products to use the products in a manner that caused and increased exposure to benzene"). Defendants had the opportunity to obtain (and in fact did obtain) Mr. Underwood's deposition testimony on these issues prior to his death. *See, e.g.*, Docket No. 157-1 at 2 (questioning Mr. Underwood on his reading of Defendant B'Laster's labels). Hence, Defendants have been on notice as to the nature of the claims since the inception of the case and obtained at least some pertinent deposition testimony from Mr. Underwood, which militates against a finding of prejudice. *Cf. Bernard L. Madoff Investment*, 560 B.R. at 224; *Gerald*, 2016 WL 2354564, at *7-8. Given these circumstances, the Court finds that Defendant B'Laster has not established prejudice sufficient to deny leave to amend based on Mr. Underwood's death.

The Court's conclusions above are bolstered by at least two overarching considerations. First, motions for leave to amend should be granted with "extreme liberality," *Eminence Capital*, 316 F.3d at 1051, generally with "all inferences in favor of granting the motion," *Griggs*, 170 F.3d at 880. Second, imperfect discovery opportunities are inherent in wrongful death claims as a general matter since, by definition, the decedent has died. Despite that inherent limitation on available information, such claims advance through the normal adjudicatory process whereby the parties obtain the discovery that is available and the case is decided based on the information that is gathered (or not gathered). *See Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1145, 1155 (9th

---

persuaded by Defendants' heavy reliance on *Williams*, 2014 WL 2993667, at *6. *See, e.g.*, Docket No. 168 at 9. That case involved a finding of prejudice for amendment to add new causes of action with elements that "differ significantly" from the existing causes of action. *See Williams*, 2014 WL 2993667, at *6. That case specifically distinguished the addition of <u>new causes of action</u>, which were found not properly added through amendment, *see id.*, from the addition of 24 <u>new factual allegations</u> related to existing causes of action, for which the matter was remanded for further evaluation, *id.* at *7. That distinction was drawn between causes of action and factual allegations despite the assertion that the factual allegations "significantly modified" the existing causes of action, including by "changing the legal theory on which the [existing] claims are based." *Id.* (cleaned up). Moreover, the magistrate judge on remand largely granted the request to add the new factual allegations. *Williams v. Cost U Less, Inc.*, No. 1:11-cv-00025, Docket No. 173 at 2 (D.V.I. Sept. 17, 2014) ("Having reviewed the proposed amended Third Amended Complaint, the Court will allow Plaintiff to amend his complaint to add the factual allegations as proposed, except for proposed amended paragraphs numbered 28-30"). In short, the *Williams* case disallowed the addition of new causes of action, but allowed factual allegations to be added by amendment after the plaintiff's death.

7

Cir. 2005) (in lawsuit initiated for deceased spouse, addressing lack of evidence as to reliance in affirming summary judgment on misrepresentation claim). With that backdrop in mind, it is somewhat puzzling how a wrongful death defendant would suffer substantial prejudice by lacking the opportunity to question the decedent about the claims brought when that is the scenario in nearly every wrongful death case. Defendants are in no meaningfully different position with respect to the proposed amendments than they would have been had Plaintiff simply waited to bring suit until after Mr. Underwood's death,[11] so it is unclear how any resulting prejudice is sufficiently "substantial" or "undue" as would be required to deny leave to amend. *See, e.g.*, *SAES Getters*, 219 F. Supp. 2d at 1086.

Accordingly, the Court is not persuaded that a sufficient showing of prejudice has been made to deny leave to amend.[12]

B.   Undue Delay

Defendants assert that Plaintiff unduly delayed in seeking amendment as a basis for denying leave to amend. *See, e.g.*, Docket No. 168 at 14-18.

"A strong presumption against a finding of undue delay exists when a case is still in discovery." *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772-GMN-NJK, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015). Moreover, it is well-settled within the Ninth Circuit that any undue delay in seeking amendment is not, in itself, sufficient grounds to deny leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001); *Bowles*, 198 F.3d at 758; *DCD Programs*, 833 F.2d at 186; *Loehr v. Ventura Cnty. Cmty. College Dist.*, 743 F.2d 1310,

---

[11] Mr. Underwood brought suit while ill and pushed forward with the litigation in a proactive manner that enabled his deposition in the days just before his death. Defendants attempt to turn those efforts on their head, effectively arguing that their opportunity to depose Mr. Underwood prior to his death translates into prejudice for later amendment when they cannot depose him. Again, it is not unusual for wrongful death defendants to lack the ability to depose the decedent in any fashion. Policy considerations surely do not favor hamstringing a decedent's heir because the decedent was willing to spend some of his final days being deposed.

[12] The response filed by Defendant 7-Eleven mentions potential "prejudice," but does not meaningfully explain how it will be prejudiced by the proposed amendment identified. Docket No. 172. Defendant 7-Eleven has not established prejudice sufficient to deny leave to amend.

1319 (9th Cir. 1984); *Hurn v. Ret. Fund Trust of the Plumbing, Heating, and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981); *Howrey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). This case remains within the discovery period and no other grounds have been established to deny leave to amend.

As such, the undue delay arguments are not sufficient to deny leave to amend.

C. Futility

Defendants assert that leave to amend should be denied on the basis of the futility of the proposed amendments. *See, e.g.*, Docket No. 168 at 18-22.

Courts are empowered to deny leave to amend based on the futility of the proposed amendment. *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Nonetheless, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). Although Defendants argue that futility is better addressed in this case now, *see, e.g.*, Docket No. 18-22, the Court has not been persuaded to chart a different course from its standard practice of declining to address such arguments in the amendment context.[13] Such arguments are better presented in the context of a motion to dismiss, a motion for summary judgment, or similar motion practice.

As such, the futility arguments presented are premature and insufficient to deny leave to amend.

---

[13] Defendants note that futility can be addressed in the context of a motion for leave to amend and is sufficient ground standing alone to deny leave to amend. *See, e.g.*, Docket No. 168 at 8 (citing *Festa v. Sandoval*, No. 2:17-cv-00850-APG-NJK, 2020 WL 8087918, at *2 (D. Nev. Nov. 30, 2020), *adopted sub nom.*, *Festa v. NDOC*, 2021 WL 65467 (D. Nev. Jan. 7, 2021)). The case cited was a prisoner civil rights action, in which the Court instructed the defendants to respond to a motion to amend given that the Court was declining to engage in a *sua sponte* screening. *See Festa*, 2020 WL 8087918, at *1.

9

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motions to add parties and to amend the complaint are **GRANTED**. Plaintiff must promptly file and serve the amended complaint. Local Rule 15-1(b).

IT IS SO ORDERED.

Dated: September 23, 2022

                                                                     _____
Nancy J. Koppe
United States Magistrate Judge