# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA UNDERWOOD,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, et al.,<br><br>　　　　Defendant(s). | Case No. 2:21-cv-01766-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 252, 253] |

　　　Pending before the Court is Defendant Amalie Oil's motion to stay discovery pending resolution of its motion to dismiss for lack of personal jurisdiction. Docket No. 252.[1] Plaintiff filed a response in opposition. Docket No. 259. Defendant Amalie Oil filed a reply. Docket No. 263. Also pending before the Court is Defendant Omni Industries' and Defendant Omni Specialty Packaging's motion to stay discovery pending resolution of their motion to dismiss for lack of personal jurisdiction. Docket No. 253.[2] Plaintiff filed a response in opposition. Docket No. 260. The Omni Defendants filed a reply. Docket No. 262. The motions to stay discovery are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motions to stay discovery.

　　　The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The fact that conducting

---

[1] That motion to dismiss has been fully briefed. Docket No. 229 (motion); Docket No. 242 (response); Docket No. 243 (reply).

[2] That motion to dismiss has been fully briefed. Docket No. 240 (motion); Docket No. 244 (response); Docket No. 245 (reply).

discovery while a potentially dispositive motion is pending may involve inconvenience or expense is not sufficient, standing alone, to impose a stay of discovery. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and finds the motion sufficiently meritorious to warrant a stay. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). When the underlying motion challenges personal jurisdiction, the pendency of that motion strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved. *See PlayUp, Inc. v. Mintas*, ___ F. Supp. 3d ____, 2022 WL 10967692, at *6 (D. Nev. Oct. 18, 2022) (quoting *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013)). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Holiday Sys., Int'l of Nev. v. Vivarelli, Schwarz, and Assocs.*, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012).

The moving defendants have met their burden in this case. First, the motions to dismiss are potentially dispositive with respect to the claims against these defendants. *Cf. Tradebay*, 278 F.R.D. at 602 ("the pending motion must be potentially dispositive of the entire case *or at least dispositive on the issue on which discovery is sought*" (emphasis added)).

Second, Plaintiff argues that jurisdictional discovery is necessary to resolve the motions to dismiss, an argument that she also advances in briefing the underlying motions to dismiss, *e.g.*, Docket No. 242 at 13-14. The Court finds in the circumstances presented that it is more prudent to defer the question of whether jurisdictional discovery is warranted to the assigned district judge in her determination of the merits of the motion to dismiss. *See, e.g.*, *AMC Fabrication, Inc. v. KRD Trucking W.*, 2012 WL 4846152, at *4 (D. Nev. Oct. 10, 2012).

Third, the Court finds that the underlying motions to dismiss are sufficiently meritorious to warrant a stay of discovery in this case.[3]

Accordingly, the Court **GRANTS** the motions to stay discovery pending resolution of the identified motions to dismiss. This stay of discovery applies only with respect to Defendants Amalie Oil, Omni Industries, and Omni Specialty; discovery among the other parties must continue. *See, e.g.*, *White v. Am. Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989). In the event the identified motions to dismiss are not granted in full, a joint status report or joint discovery plan must be filed by Plaintiff, Defendant Amalie Oil, Defendant Omni Industries, and Defendant Omni Specialty within 14 days of the resolution of those motions to dismiss.

IT IS SO ORDERED.

Dated: February 7, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motions to dismiss and may have a different view of their merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of those motions is not intended to prejudice their outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motions to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motions and subsequent briefing.